# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT S. VARNER,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:11-2138** |
| v | : | **(JUDGE MANNION)** |
| **MHS, Ltd. d/b/a Wear-Flex Slings** | : | |
| **Defendant** | : | |

## M E M O R A N D U M

Pending before the court is the summary judgment motion of defendant MHS, Ltd. (Doc. No. 20). For the following reasons, defendant's motion is **GRANTED**.

## I.  PROCEDURAL BACKGROUND

Plaintiff's complaint containing claims for strict products liability, negligence, and breach of warranty was removed from the Bradford County Court of Common Pleas on November 15, 2011. (Doc. No. 1). Defendant filed the instant motion for summary judgment on May 7, 2013. Other than defendant's instant motion, other filings in the case have been largely limited to scheduling orders and requests to extend the time frames in the scheduling orders. Specifically, plaintiff moved the court for extensions of time to complete discovery on February 27, 2013, May 16, 2013, and September 4, 2013. (Doc. Nos. 18, 24, 26). All three motions were granted. (Doc. Nos. 19, 25, 27). The court's order of May 21, 2013 granted plaintiff an extension of

time to file expert reports, and gave him until thirty days after submitting his expert reports to respond to defendant's summary judgment motion. (Doc. No. 25). The court's order of September 5, 2013 further extended the deadlines for completion of expert discovery, and directed plaintiff to respond to defendant's summary judgment motion by December 15, 2013. (Doc. No. 27). Despite these extensions of time, plaintiff has not filed a response to the instant motion.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Aetna Casualty & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249 ; see also Marino v.

Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); see also Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23; Jakimas v. Hoffman La Roche, Inc., 485

[F.3d 770, 777 (3d Cir. 2007)](#).

**III. DISCUSSION**

Plaintiff's complaint alleges that he was injured at work while using an industrial sling manufactured by defendant, and brings claims for strict products liability, negligence, and failure to warn. Plaintiff has not produced evidence to support his claims, nor has he responded to defendant's summary judgment motion in any manner. Thus, pursuant to Local Rule 7.6, the court deems defendant's motion unopposed.

The court has nevertheless conducted an independent review of defendant's motion and supporting documents. The arguments in defendant's brief in support of its motion, (Doc. No. [22](#)), are well-supported by Third Circuit and Pennsylvania case law. Defendant has additionally submitted various exhibits including the warnings that were attached to the sling in question, an expert report analyzing the failure of the sling, and depositions taken in the case. These documents reveal that there are no material questions of fact remaining in the case. Further, plaintiff has failed to submit any evidence to support its claims, and there is not sufficient evidence on which a reasonable jury could find defendant liable for plaintiff's injury. Accordingly, defendant's motion for summary judgment is **GRANTED.**

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is **GRANTED**. Judgment is entered for the defendant, and the Clerk is directed to close the case.

s/ *Malachy E. Mannion*<br>
**MALACHY E. MANNION**<br>
**United States District Judge**

**Date: January 6, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2011 MEMORANDA\11-2138-01.wpd